UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.     **CV 12-7236-JFW (AGRx)**                              Date:  September 24, 2012

Title:           Maria E. Perales -v- RoundPoint Mortgage Servicing Corporation, et al.

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
     None                                                                                    None

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

    On July 25, 2012, Plaintiff Maria E. Perales ("Plaintiff") filed a Complaint against Defendants Roundpoint Mortgage Servicing Corporation and Quality Loan Service Corporation in Los Angeles County Superior Court.  On August 15, 2012, Quality Loan Service Corporation filed a Declaration of Nonmonetary Status.  On August 22, 2012, Defendant Roundpoint Mortgage Servicing Corporation filed a Notice of Removal of Action Pursuant to 28 U.S.C. § 1441(b) ("Notice of Removal").

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant Roundpoint Mortgage Servicing Corporation bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  Defendant Roundpoint Mortgage Servicing Corporation has failed to demonstrate that the parties are completely diverse, as both Plaintiff and Quality Loan Service Corporation are citizens of

Initials of Deputy Clerk   sr

California.

      Defendant Roundpoint Mortgage Servicing Corporation argues in its Notice of Removal that Quality Loan Service Corporation is a nominal defendant and, therefore, its citizenship should not be considered for diversity purposes and its joinder in the removal is not required.  However, "[a] party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection."  *Sun v. Bank of America Corporation*, 2010 WL 454720, *3 (C.D. Cal. Feb. 8, 2010); *see also Boggs v. Wells Fargo Bank NA*, 2012 WL 2357428, *3 (June 14, 2012) (holding that party's citizenship could not be disregarded for purposes of determining whether the plaintiffs and the defendants were completely diverse where notice of removal was filed 14 days after declaration of non-monetary status had been filed in state court).  In this case, Defendant Roundpoint Mortgage Servicing Corporation filed its Notice of Removal only seven days after Quality Loan Service Corporation filed its Declaration of Nonmonetary Status.  Accordingly, Quality Loan Service Corporation had not yet attained nominal status at the time of removal, and the Court cannot disregard Quality Loan Service Corporation's citizenship.

      For the foregoing reasons, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

Initials of Deputy Clerk  sr